UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Harold Godoy
and other similarly
situated individuals,

      Plaintiff(s),

v.

Itan II LLC
d/b/a Sunset Market & Deli
a/k/a Citgo Gas Station,
Anil Patel, and Rita Patel,
individually,

      Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Harold Godoy and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Itan II LLC, d/b/a Sunset Market & Deli, a/k/a Citgo Gas Station, Anil Patel, and Rita Patel, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages and retaliation under United States laws. This Court has jurisdiction pursuant to

the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Harold Godoy is a Hillsborough County, Florida, resident within the jurisdiction of this Honorable Court and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Itan II LLC, d/b/a Sunset Market & Deli, a/k/a Citgo Gas Station (from now on Sunset Market & Deli, or Defendant) is a Florida Limited Liability Corporation doing business in Hillsborough County within this Honorable Court Jurisdiction. Defendant Sunset Market & Deli was the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendants, Anil Patel and Rita Patel are the owners/partners and managers of Sunset Market & Deli. These individual Defendants are the employers of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions put forward in this complaint took place in Hillsborough, Florida, within this Court's jurisdiction.

General Allegations

6. Plaintiff Harold Godoy brings this cause of action as a collective action to recover from Defendants overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after November 2023, (the "material time") without being adequately compensated.

7. Defendant Sunset Market & Deli is a retail business as a market, deli, and Citgo gas station. Defendants' business is located at 18440 Livingstone Avenue, Lutz, Hillsborough County, Florida 33559, where Plaintiff worked.

8. Defendant Sunset Market & Deli was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). The defendant is a Citgo gas station, market, and deli. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the

annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a deli cook and performed general deli and market work. Plaintiff ordered out-of-state products, performed credit card transactions, and handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

10. Defendants Sunset Market & Deli, Anil Patel, and Rita Patel employed Plaintiff Harold Godoy as a non-exempt, full-time restaurant employee from November 21, 2023, to November 10, 2024, or 51 weeks.

11. During the relevant period, Plaintiff worked primarily as a deli cook. In addition to cooking, he was responsible for various other general market and deli tasks, including food preparation, cleaning, restocking supplies, and managing inventory.

12. Plaintiff had an hourly rate of $18.00. Plaintiff's overtime should be $27.00 an hour.

13. Plaintiff worked under the supervision of Manager Muhammad Jashin Uddin.

14. While employed by Defendants, Plaintiff worked weeks of six days per week. He worked alternated schedules. Plaintiff worked three days from 5:00 AM to

5:00 PM (12 hours); and three days from 5:00 AM to 3:00 PM (10 hours). Plaintiff worked an average of 66 hours every week.

15. Defendants paid Plaintiff for 61 hours at his regular rate of $18.00 an hour. The remaining five hours were not paid at any rate, not even at the minimum wage rate as required by law. Plaintiff could not take bona fide lunchtime hours.

16. The Plaintiff regularly worked six days per week, consistently exceeding 40 hours; however, they were not compensated for overtime as mandated by law. Despite the extended hours, Plaintiff was only paid for 61 hours each week, irrespective of the actual total hours worked.

17. Thus, Plaintiff was not paid overtime hours during his entire employment period, as required by law.

18. Plaintiff did clock in and out, but Defendants controlled his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

19. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

20. Plaintiff was paid with cash without paystubs providing accurate information about the wage rate, the number of days and hours worked, employee taxes deducted, etc.

21. Plaintiff complained many times to the owners of the business and his manager, Muhammad Jashin Uddin.

22. Plaintiff was fired on or about November 10, 2024, after he complained about unpaid overtime .

23. At times mentioned, individual Defendants Anil Patel and Rita Patel were and are now, the owners/partners/and operators of Sunset Market & Deli. Defendants Anil Patel and Rita Patel were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in Sunset Market & Deli's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Anil Patel and Rita Patel had financial and operational control of the business, determining Plaintiff's terms and conditions of employment. Accordingly, Defendants Anil Patel and Rita Patel are jointly and severally liable for Plaintiff's damages.

24. Plaintiff Harold Godoy seeks to recover unpaid overtime wages for every hour worked over 40 during his entire employment, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

25. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

26. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

27. This action is intended to include every cook, market, gas station employee, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

28. Plaintiff Harold Godoy re-adopts every factual allegation stated in paragraphs 1-27 above as if set out in full herein.

29. This action is brought by Plaintiff Harold Godoy and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless

such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

30. Defendants Sunset Market & Deli, Anil Patel, and Rita Patel employed Plaintiff Harold Godoy as a non-exempt, full-time restaurant employee from November 21, 2023, to November 10, 2024, or 51 weeks.

31. During the relevant period, Plaintiff worked primarily as a deli cook with numerous additional responsibilities.

32. Plaintiff had an hourly rate of $18.00. Plaintiff's overtime should be $27.00 an hour.

33. While employed by Defendants, Plaintiff worked weeks of six days per week. He worked alternate shifts of 10 and 12 hours. Plaintiff worked an average of 66 hours every week.

34. Defendants paid Plaintiff for 61 hours at his regular rate of $18.00 an hour. The remaining five hours were not paid at any rate, not even at the minimum wage rate as required by law. Plaintiff could not take bona fide lunchtime hours.

35. Plaintiff regularly worked six days per week, consistently exceeding 40 hours; however, they were not compensated for overtime as mandated by law. Despite the extended hours, Plaintiff was only paid for 61 hours each week, irrespective of the actual total hours worked.

36. Thus, Plaintiff was not paid overtime hours during his entire employment period, as required by law.

37. Plaintiff did clock in and out, but Defendants controlled his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

38. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

39. Plaintiff was paid with cash without paystubs providing accurate information about the wage rate, the number of days and hours worked, employee taxes deducted, etc.

40. Plaintiff was fired on or about November 10, 2024, after he complained about unpaid overtime hours.

41. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

42. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

43. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

44. Plaintiff does not possess time and payment records, but he will provide a reasonable good faith estimate based on his recollections and knowledge. After discovery, Plaintiff will amend his statement of claim.

a. Total amount of alleged unpaid O/T wages:

   Sixteen Thousand Five Hundred Twenty-Four Dollars and 00/100 ($16,524.00)

b. Calculation of such wages:

   Total period of employment: more than 51 weeks
   Relevant weeks of employment: 51 weeks
   Total hours worked weekly: 66 weekly average
   Total unpaid O/T hours: 26 O/T hours
   Hourly rate: $18.00 an hour x 1.5=$27.00 O/T
   O/T rate: $27.00-$18.00 O/T rate paid=$9.00 O/T difference
   Half-time: $9.00 an hour

   **1.- Unpaid half-time O/T for 21 O/T hours paid at regular rate.**
   Relevant weeks: 51 weeks
              Total hours worked: 66 hours
              Total hours O/T hours: 26 O/T hours
              Total paid O/T hours: 21 O/T hours paid at regular rate $18.00
              Half-time: $9.00 per hour

   $9.00 x 21 O/T hours=$189.00 weekly x 51 weeks=$9,639.00

**2.- Unpaid O/T for 5 O/T hours paid at $0.00**
Relevant weeks of employment: 51 weeks
Total hours worked weekly: 66 hours
Total unpaid O/T hours: 5 hours
O/T rate: $27.00

$27.00 x 5 O/T hours=$135.00 weekly x 51 weeks=$6,885.00

Total #1 and #2: $16,524.00

c.  Nature of wages (e.g., overtime or straight time):

This amount represents unpaid overtime wages.[1]

45. The Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

46. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations

Defendants as set forth above, and those similarly situated are entitled to recover double damages.

47. Defendants Sunset Market & Deli, Anil Patel, and Rita Patel willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the United States law, and have owed Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

48. Plaintiff Harold Godoy has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Harold Godoy and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Harold Godoy and other similarly situated individuals and against Defendants Sunset Market & Deli, Anil Patel, and Rita Patel based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Harold Godoy actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable, just, and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Harold Godoy demands a trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3), AGAINST ALL DEFENDANTS

49. Plaintiff Harold Godoy re-adopts every factual allegation stated in paragraphs 1-24 of this Complaint as if set out in full herein.

50. Defendant Sunset Market & Deli was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

51. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

52. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

53. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

54. Defendants Sunset Market & Deli, Anil Patel, and Rita Patel employed Plaintiff Harold Godoy as a non-exempt, full-time restaurant employee from November 21, 2023, to November 10, 2024, or 51 weeks.

55. During the relevant period, Plaintiff worked primarily as a deli cook with numerous additional responsibilities.

56. Plaintiff had an hourly rate of $18.00. Plaintiff's overtime should be $27.00 an hour.

57. While employed by Defendants, Plaintiff worked weeks of six days per week. He worked alternated shifts of 10 and 12 hours.  Plaintiff worked an average of 66 hours every week.

58. Defendants paid Plaintiff for 61 hours at his regular rate of $18.00 an hour. The remaining five hours were not paid at any rate, not even at the minimum wage rate as required by law. Plaintiff could not take bona fide lunchtime hours.

59. The Plaintiff regularly worked six days per week, consistently exceeding 40 hours; however, they were not compensated for overtime as mandated by law.

Despite the extended hours, Plaintiff was only paid for 61 hours each week, irrespective of the actual total hours worked.

60. Thus, Plaintiff was not paid overtime hours during his entire employment period, as required by law.

61. Plaintiff did clock in and out, but Defendants controlled his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

62. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

63. Plaintiff was paid with cash without paystubs providing accurate information about the wage rate, the number of days and hours worked, employee taxes deducted, etc.

64. Plaintiff did not agree with the lack of payment for overtime hours, and he complained multiple times to Anil Patel, Rita Patel, and his manager, Muhammad Jashin Uddin.

65. These complaints constituted protected activity under the FLSA.

66. However, on or about November 9, 2024, Plaintiff complained one more time about unpaid overtime hours to his manager Muhammad Jashin Uddin

67. As a direct result, manager Muhammad Jashin Uddin fired Plaintiff the next day, November 10, 2024.

68. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

69. There is close proximity between Plaintiff's protected activity and her termination.

70. As described above, The motivating factor that caused Plaintiff's discharge was his complaints seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for his complaints about unpaid overtime wages.

71. Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

72. Plaintiff Harold Godoy has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Harold Godoy respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Sunset Market & Deli, Anil Patel, and Rita Patel that Plaintiff Harold Godoy recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Sunset Market & Deli, Anil Patel, and Rita Patel to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Harold Godoy further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Harold Godoy demands trial by a jury of all issues triable as of right by a jury.

Date: January 7, 2025

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.

Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:        (305) 446-1500
Facsimile:        (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*