**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.: 8:25-cv-00042-TPB-AAS**

HAROLD GODOY,
and other similarly
situated individuals,

     Plaintiff,

v.

ITAN II LLC, EMJ FOOD MART LLC,
ANIL PATEL, RITA PATEL, and
MOHAMMAD UDDIN,

     Defendants.

_____/

**DEFENDANTS' ANSWER, DEFENSES AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendants ITAN II LLC, Anil Patel and Rita Patel, collectively referred to as "Defendants," by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12, hereby files Defendants' Answer, Defenses and Affirmative Defenses (Answer) to the First Amended Complaint (the "Amended Complaint") filed by Plaintiff HAROLD GODOY ("Plaintiff") and in support of its Answer, respectfully states as follows:

**LIMITED GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants deny all factual allegations contained in the Amended Complaint except those expressly admitted below.

## ANSWER TO PLAINTIFF'S ALLEGATIONS

In addition to its limited general denial, Defendants specifically responds to the Plaintiff's factual allegations as follows (which correspond to the Amended Complaint's numbered paragraphs):

## JURISDICTION AND VENUE

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny every allegation and legal conclusion in Paragraph 1.

2. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 2. Additionally, the allegations contained in Paragraph 2 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny every allegation and legal conclusion in Paragraph 2.

3. Defendants admit the allegations of Paragraph 3 but no longer own or operate a retail business as a market, deli, and gas station located at 18440 Livingstone Ave, Lutz, Florida 33559.

4. Paragraph 4 contains legal conclusions to which no response is required. Additionally, Defendants lack knowledge or information sufficient to admit or deny the allegations. To the extent a response is required, Defendants deny every allegation and legal conclusion in Paragraph 4.

5. Defendants deny the allegations of Paragraph 5.

6.    Defendants admit that EMJ Food Mart LLC purchased the business from Itan II, LLC but Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 6.

7.    Defendants admit the allegations of Paragraph 7.

### GENERAL ALLEGATIONS

8.    Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny every allegation and legal conclusion in Paragraph 8.

9.    Defendants deny the allegations of Paragraph 9.

10.    Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny every allegation and legal conclusion in Paragraph 10.

11.    Defendants admit in the part the allegations of Paragraph 11 as related to employing the Plaintiff as a non-exempt, full-time employee.    The Defendants lack knowledge of the balance of the allegations in Paragraph 11.

12.    Defendants admit in part the allegations of Paragraph 12 as related to the Plaintiff was a deli cook and performed general deli and market work.  The balance of the allegations contained in Paragraph 12 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny legal conclusion in Paragraph 12.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny every allegation and legal conclusion in Paragraph 13.

14. Defendants deny the allegations contained in Paragraph 14.

15. Defendants deny the allegations contained in Paragraph 15.

16. Defendants deny the allegations contained in Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17.

18. Defendants admit the allegations contained in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants lack knowledge or information sufficient to admit or deny part of the allegations contained in Paragraph 20.

21. Defendants deny in part the allegations of Paragraph 21 as related to the Plaintiff complained multiple times to Defendants Anil Patel and Rita Patel.  The Defendants lack knowledge of the balance of the allegations in Paragraph 21.

22. Defendants lack knowledge or information sufficient to admit or deny part of the allegations contained in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny every allegation and legal conclusion in Paragraph 24.

## COLLECTIVE ACTION ALLEGATIONS

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny every allegation and legal conclusion in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

## COUNT I
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

27. This is a statement that simply reincorporates Plaintiff's allegations in Paragraphs 1 through 26, to which no response is required. To the extent a response is required, Defendant reincorporates its responses to Paragraphs 1 through 26.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny every allegation and legal conclusion in Paragraph 28.

29. Defendants admit in the part the allegations of Paragraph 29 as related to employing the Plaintiff as a non-exempt, full-time employee. The Defendants lack knowledge of the balance of the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34.    Defendants deny the allegations in Paragraph 34.

35.    Defendants deny the allegations in Paragraph 35.

36.    Defendants deny the allegations in Paragraph 36.

37.    Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny every allegation and legal conclusion in Paragraph 37.

38.    Defendants deny the allegations in Paragraph 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully pray that on trial or other appropriate hearings, the Court grant a take nothing judgment in favor of Defendants and dismiss all of Plaintiff's causes of action with prejudice. Defendants further seek any other relief, including attorneys' fees where applicable, to which it shows itself to be justly entitled.

## COUNT II
## FEDERAL STATUTORY VIOLATION; RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3), AGAINST ALL DEFENDANTS

39.    This is a statement that simply reincorporates Plaintiff's allegations in Paragraphs 1 through 24, to which no response is required. To the extent a response is required, Defendant reincorporates its responses to Paragraphs 1 through 24.

40. Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny every allegation and legal conclusion in Paragraph 40.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny every allegation and legal conclusion in Paragraph 41.

42. Defendants admit in the part the allegations of Paragraph 42 as related to employing Plaintiff as a non-exempt, full-time employee. Defendants lack knowledge of the balance of the allegations in Paragraph 42. To the extent a response is required, Defendants deny those allegations in Paragraph 42 to which they have not already been admitted.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants lack knowledge or information sufficient to admit or deny part of the allegations contained in Paragraph 45. To the extent a response is required, Defendants deny every allegation and legal conclusion in Paragraph 45.

46. Defendants lack knowledge or information sufficient to admit or deny part of the allegations contained in Paragraph 46. To the extent a response is required, Defendants deny every allegation and legal conclusion in Paragraph 46.

47.    Defendants lack knowledge or information sufficient to admit or deny part of the allegations contained in Paragraph 47.  To the extent a response is required, Defendants deny every allegation and legal conclusion in Paragraph 47.

48.    Defendants lack knowledge or information sufficient to admit or deny part of the allegations contained in Paragraph 48. To the extent a response is required, Defendants deny every allegation and legal conclusion in Paragraph 48.

49.    Defendants lack knowledge or information sufficient to admit or deny part of the allegations contained in Paragraph 49. To the extent a response is required, Defendants deny every allegation and legal conclusion in Paragraph 49.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully pray that on trial or other appropriate hearings, the Court grant a take nothing judgment in favor of Defendants and dismiss all of Plaintiff's causes of action with prejudice. Defendants further seeks any other relief, including attorneys' fees where applicable, to which it shows itself to be justly entitled.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants reserves the right to plead additional affirmative defenses that may become available as a result of subsequent discovery.  For its affirmative defenses, Defendant asserts the following:

1. Plaintiff has failed to state a claim upon which relief can be granted as the allegations made are conclusory as mere recitations of the statutory language are inadequate. *See Landers v. Quality Commissions, Inc.*, 771 F.3d 638, 644 (9th Cir. 2014) (dismissing FLSA claims where the complaint lacked "any detail regarding a given workweek when [the plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages").

2. Unless an allegation is expressly admitted, it is denied.

3. Defendant's actions were not intentionally or willfully devised, nor did they operate to violate the requirement of the statutes and/or regulations at issue.

4. Defendant's actions were not undertaken with reckless disregard for the requirements of the statutes and/or regulations at issue.

5. All actions or omissions, if any, were made reasonably and in good faith and based on good cause and on reasonable grounds for believing that Defendants were complying with the FLSA.

6. All or part of the time for which Plaintiff seeks compensation does not constitute compensable working time under the law.

7. Defendants are entitled to a set-off of any unpaid overtime from wages that the employer pre-paid or overpaid Plaintiff.

8. Defendants give notice that they intend to rely on such other defenses and affirmative defenses as may become available or apparent during

the course of discovery in this case. Defendants reserve the right to amend its Answer; to add additional affirmative or other defenses; to delete or withdraw affirmative or other defenses; and to add such counterclaims as may become necessary after a reasonable opportunity for discovery.

Plaintiff's claims cannot be maintained as a collective action under the FLSA because Plaintiff is not similarly situated to the other members of the putative collective he purports to represent, the existence of which is expressly denied; and, therefore, Plaintiff is an inadequate representative of the putative collective members.

9.    Plaintiff's action cannot be maintained as a collective action because the requirements for such an action cannot be met under the facts pleaded.

10.    Plaintiff's action cannot be maintained as a collective action because the allegations, facts, and defenses relating to Plaintiff and the putative class separately and individually will not support a collective action.

11.    Plaintiff lacks standing to raise some or all his claims and/or the claims of the members of the putative collective they purport to represent against Defendant.

12.    Plaintiff and/or members of the putative collective he purports to represent are precluded from recovering any amounts from Defendant where it paid Plaintiff and/or members of the putative class all sums legally due under the FLSA.

13.    Because liability and/or damages, if any, to Plaintiff and each member of the putative collective she purports to represent may not be determined by a single jury and/or on a group-wide basis, allowing this action to proceed as a collective action would violate Defendant's rights under, without limitation, under the Seventh and Fourteenth Amendments to the United States Constitution.

14.    Some or all of the disputed time for which Plaintiff and/or members of the putative collective he purports to represent seek recovery of wages allegedly owed are not compensable pursuant to the de minimis doctrine.

15.    Plaintiff's claims and/or the claims of the members of the putative collective he purports to represent are barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours in which they were engaged in activities that were preliminary and/or postliminary to their principal activities.

16.    Plaintiff's claims and/or the claims of the members of the putative collective he purports to represent are barred by the doctrine of unclean hands.

17.    Plaintiff's claims and/or the claims of the members of the putative collective he purports to represent are barred to the extent that such relief exceeds that available under the statutes and/or regulations under which they bring suit.

18.    Plaintiff's claims and/or the claims of the members of the putative collective he purports to represent are subject to setoff, offset, and/or recoupment for overpayments made to Plaintiff.

**WHEREFORE**, Defendants respectfully pray that on trial or other appropriate hearings, the Court grant a take nothing judgment in favor of Defendants and dismiss all Plaintiff's causes of action with prejudice.  Defendants further seeks any other relief, including attorneys' fees where applicable, to which it shows itself to be justly entitled.

Dated:  August 6, 2025            Respectfully submitted,

/s/Ben H. Cristal
Ben H. Cristal
CRISTAL LAW GROUP
Florida Bar No.: 84761
P.O. Box 16680
Clearwater, FL 33766
813-258-8500 phone
813-258-8501 facsimile
E-mail: mail@cristallawgroup.com
Attorney for the Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing motion was filed through CM/ECF on August 6, 2025 and served on the counsel listed below.

By: */s/ Ben H. Cristal*
Ben H. Cristal, Esq.
Florida Bar No.: 84761

## SERVICE LIST

**Zandro E. Palma, Esq.**
Zandro E. Palma, P.A.
9100 S Dadeland Blvd Ste 1500
Miami, FL 33156
Ph: 305-446-1500
zep@thepalmalawgroup.com;
*Counsel for Plaintiff*